FILED

**NOT FOR PUBLICATION**

FEB 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50520 |
| Plaintiff - Appellee, | D.C. No. 8:11-cr-00181-JLS-2 |
| v. | |
| MARY LIM, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted February 10, 2015
Pasadena, California

Before: CALLAHAN, WATFORD, and OWENS, Circuit Judges.

Mary Lim appeals a judgment following a jury verdict convicting her of ten counts of health care fraud in violation of 18 U.S.C. § 1347. Because the parties are familiar with the facts, we do not recite them except as necessary. Having jurisdiction under 28 U.S.C. § 1291, we reverse.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Lim challenges the sufficiency of the evidence the prosecution presented to support her convictions. We review claims of insufficient evidence de novo. *United States v. Wright*, 625 F.3d 583, 590 (9th Cir. 2010). We consider whether "[v]iewing all the evidence introduced at trial, including the erroneously admitted [evidence], in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt[.]" *United States v. Preston*, 751 F.3d 1008, 1029 (9th Cir. 2014) (en banc) (internal quotation marks omitted) (citing *Lockhart v. Nelson*, 488 U.S. 33, 40-41(1988)).

The government concedes that there was insufficient evidence to support counts one through eight; we agree. We also find that the evidence presented was insufficient to support counts nine and ten. Each submission of a fraudulent claim "is a separate execution of the scheme and is itself chargeable as a separate count"; the government must prove that the specific claim underlying each count was false. *United States v. Awad*, 551 F.3d 930, 938 (9th Cir. 2009).

The government prosecuted Lim for submitting false Medicare claims without introducing the underlying claims data in evidence. Although witness Soon Ok Chu testified that she visited the clinic, there was no evidence that Chu was S.C., the alleged beneficiary in counts nine and ten. The government failed to connect Chu's dates of service with the claim submission dates in the first

superseding indictment; it presented no evidence explaining delays between the dates of service in the record and the claim submission dates. Although the record included Medicare remittance notices and Medicare reimbursement checks, Chu's name was not listed on the notices and the checks did not relate to Chu or her clinic visits. No one testified that counts nine and ten concerned Chu in any way. Indeed, the government offered no evidence linking Chu to the allegedly false claims in counts nine and ten.[1] Viewing the evidence in the light most favorable to the prosecution, including the improperly admitted evidence, we hold there was insufficient evidence to connect beyond a reasonable doubt the false claims alleged in the first superseding indictment with the evidence presented at trial. *See Preston*, 751 F.3d at 1029.

REVERSED.

---

[1]Although government witness George Salazar testified that he examined the claims underlying counts one through ten and determined the claims had been filed and paid, his testimony never connected Chu to counts nine and ten.

*USA v MARY LIM 13-50520*

Callahan, Circuit Judge, concurring in part and dissenting in part:

I concur with the majority's determination that there was insufficient evidence on Counts 1 through 8. I respectfully dissent from the majority's determination that there was insufficient evidence as to Counts 9 and 10. Viewing all of the evidence in a light most favorable to the government, a rational juror could have determined that the "S.C." listed in Counts 9 and 10 of the indictment referred to witness Soon Ok Chu, who testified at trial. Chu testified that she never met with a doctor and never received physical therapy, so a rational juror could have determined that any Medicare claims submitted on her behalf were false, regardless of the date they were submitted. Nonetheless, based on the government's concession that retrial is required based on the erroneous admission of hearsay testimony, Lim's convictions on Counts 9 and 10 must be vacated. I would therefore reverse and remand for retrial on Counts 9 and 10.